# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 98-20156
No. 98-20157
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HUMBERTO OCAMPO,

                              Defendant-Appellant.

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CENELIA OCAMPO-PEREZ,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CR-109-1)

April 8, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Humberto Ocampo and Cenelia Ocampo-Perez appeal from their sentences after pleading guilty to conspiracy and drug charges. Both defendants argue that the district court erred in attributing to them 66.3 kilograms of cocaine under U.S.S.G. § 2D1.1. The amount of drugs attributed to a defendant must be upheld unless it is clearly erroneous. *See United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993). Such a finding is not clearly erroneous if it is plausible in light of the record as a whole. *See id.* The district court's determination that the defendants are responsible for 66.3 kilograms of cocaine is supported by the record. Furthermore, neither defendant presented evidence to rebut their Pre-Sentence Reports (PSR), which also attributed 66.3 kilograms of cocaine to the defendants. Unless a defendant presents rebuttal evidence, a sentencing court may adopt a PSR's factual findings without further inquiry. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

Humberto Ocampo also argues that the district court erred in increasing his offense level by three for his aggravating role in the offense. U.S.S.G. § 3B1.1(b) provides for a three-level increase if the defendant was a manager or supervisor within a criminal activity involving five or more participants. A sentencing court's determination that a defendant played such a leadership role is a factual finding reviewable only for clear error. *See United States v. Parker*, 133 F.3d 322, 329, *cert. denied*, 118 S. Ct. 1851 (1998). The district court's finding that Humberto Ocampo was a manager of the criminal enterprise is supported by the record. Furthermore, Humberto Ocampo failed to provide evidence rebutting his PSR. *See Vital*, 68 F.3d at 120.

Accordingly, we affirm the district court.

---

[*] Pursuant to 5th Circuit R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.